IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned subsidiary of the Guardian Life Insurance Company of America, and
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign insurance company,

Defendants.

_____

**ORDER**
_____

This matter is set for a settlement conference on November 3, 2005. The defendants have requested that the conference be vacated to allow them additional time to complete their investigation of the insurance claim and to complete discovery. My review of the defendants' letter causes me to believe that a settlement conference at this time would be a waste of resources.

The plaintiff opposes the request to vacate the settlement conference, stating that the plaintiff's brother and conservator has incurred expenses in making airline and hotel reservations in order to attend the settlement conference. The plaintiff asks that the defendants be assessed these costs if the settlement conference is vacated.

I am persuaded based on the settlement letters that a settlement conference at this time would be a waste of resources, and I will cancel the conference set for November 3, 2005. I do not find any misconduct on the part of the defendants in requesting that the conference be vacated

under these circumstances.  In fact, the defendants have done precisely what I ask of parties--they notified me one week in advance of their good faith determination that the settlement conference should be vacated and/or reset.  If the plaintiff or someone acting on her behalf[1] incurred non-refundable expenses in anticipation of the settlement conference, they did so at their own risk.

IT IS ORDERED that the settlement conference set for November 3, 2005, at 10:00 a.m., is VACATED.

IT IS FURTHER ORDERED that the parties shall submit supplemental confidential settlement statements to my chambers only on or before **December 16, 2005**, discussing the facts and issues in the case and containing a specific offer of compromise, including a dollar amount the client will accept or pay in settlement and any other essential terms of a settlement.

Dated October 27, 2005.

BY THE COURT:

/s/ Boyd N. Boland
United States Magistrate Judge

---

[1] This action appears to be brought by the plaintiff on her own behalf.  I am not aware of any indication that the case is being pursued by a representative on behalf of an incapacitated person.