# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-01619 LTB-BNB

TINA GARCIA,

    Plaintiff,

vs.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of The Guardian Life Insurance Company of America, and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign insurance company,

    Defendants.

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

The parties, by and through their counsel of record, hereby stipulate to entry of the following Protective Order to protect and preserve certain confidential and/or proprietary information that may be disclosed in this action.

IT IS HEREBY ORDERED that the following provisions shall govern the handling of confidential and/or proprietary information and documents in this action.

1.     Any party may designate as "confidential" or "proprietary" any material produced in this action, including documents, answers to Interrogatories or other responses to discovery requests and portions of any deposition or deposition exhibits.

2.     The parties may designate materials as confidential or proprietary by either writing, typing or stamping the word "confidential" or "proprietary" or words to that effect on the face of the materials, or by written notice to counsel for the opposing party, before or at the time of production

of the materials to counsel for the opposing party, including the description of the materials to be designated as "confidential" or "proprietary." Such written notice must sufficiently describe the confidential materials to distinguish them from other materials produced or available in this action.

    3.     The special treatment accorded to the confidential documents shall reach at minimum:

        a.     all copies of confidential documents;

        b.     all extracts, and complete or partial summaries prepared from such documents;

        c.     any deposition transcript or exhibit, or portion thereof, that discusses or refers to such documents, copies, extracts, or summaries; and

        d.     any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or exhibit thereto, that discusses or refers to such documents, copies, extracts or summaries.

    4.     <u>Use of "Confidential" Documents at Depositions</u>. Documents designated and stamped "confidential," and all information contained therein or derived there from, may be used or referred to at depositions, or marked as deposition exhibits, in accordance with the provisions of this Order. Any "confidential" documents marked as deposition exhibits shall be sealed separately from the remainder of the deposition transcript exhibits. When a party uses or refers to "confidential" documents or information at a deposition, the portion of the deposition transcript that relates to such documents or information shall be stamped "confidential" and sealed separately from the remainder of the transcript, and shall be treated as "confidential" under the provisions of this Order.

2

5.      <u>Designating Portions of Deposition Transcripts Confidential</u>. Parties may designate portions of the transcript, or exhibits thereto, as being "confidential." At the deposition, the parties will attempt in good faith to preliminarily identify and designate "confidential" testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits "confidential," or by underlining the portions of the pages that are confidential and stamping such pages "confidential." Parties may designate portions of the transcript that are confidential, the entire deposition transcript, and all exhibits thereto, which will be treated as "confidential" under the provisions of this Order. Once a "confidential" designation is made, the confidential portions and exhibits shall be sealed separately from the portions and exhibits not so marked, and shall be treated as "confidential" under the provisions of this Order.

Parties shall have 30 days from receipt of a transcript to notify opposing party of portions of the transcript it designates to be "confidential." If parties do not designate portions of the transcript confidential within 30 days after receipt of such transcript, the transcript will no longer be deemed confidential.

6.      <u>Deposition Testimony and Deposition Inquiries</u>. To the extent that parties inquire or ask questions in deposition of witnesses about confidential documents, such questioning will be deemed to be confidential areas of deposition testimony and may be marked as confidential in accordance with the provisions of paragraph 4 above.

7.      <u>Use of "Confidential" Documents in Papers Filed With the Court</u>. Documents designated "confidential," and all information contained therein or derived there from, may be discussed or referred to in pleadings, motions, affidavits, briefs and other papers filed with the

3

Court, or attached as exhibits thereto, provided that such "confidential" documents and information, and any portion of any paper filed with the Court that discusses or refers to them, are stamped "confidential" and separately filed under seal with the Clerk of Court.

8.   Use of "Confidential" Documents in Court. Documents designated "confidential," and all information contained therein or derived there from, may be used or offered in evidence at the trial of this case, or at any court hearing in this litigation, provided that the "confidential" documents and information, and any portion of any transcript or court paper where they are discussed or referred to, are stamped "confidential" and separately filed under seal with the Clerk of Court.

9.   All materials designated or considered "confidential" or "proprietary" pursuant to this Order shall be used solely for the purposes of this action and shall not be disclosed to anyone, except the parties, counsel for the parties, non-party expert witnesses, and the Court pursuant to a valid and lawfully served subpoena. If any materials designated as "confidential" or "proprietary" are submitted to the Court for filing prior to trial, that material will be filed under seal to preserve confidentiality. All "confidential" or "proprietary" materials submitted to the Court at trial will be handled in the manner designated by the Court. Before any material designated "confidential" or "proprietary" is disclosed to any party or non-party expert witness, that person shall read this Order, and sign an Affidavit and Agreement to Be Bound by the terms of this Order in the form and substance attached hereto as Exhibit A; which signed Affidavits shall be retained by counsel making the disclosure, and made available to the Court and counsel producing the subject materials in the event of any dispute regarding compliance with this Order by the party or expert.

4

10. During the course of litigation, any and all material designated Confidential, including copies thereof and any extracts, summaries, compilations, notes, charts or graphs taken there from, shall be retained by the receiving party's counsel and maintained at that counsel's office. Counsel for the receiving party shall not permit any materials designated Confidential, whatever their form, to be removed or transmitted from the receiving party's counsel's office except for purposes of transporting such materials to a hearing before the Court, deposition, settlement conference or as the parties may otherwise agree.

11. In the event that materials are produced herein, which in the party's opinion should have been, but were not, designated as "confidential" or "proprietary," such party may designate such material as "confidential" or "proprietary" by notifying counsel for all other parties of this designation as soon as possible. Upon receipt of such notification, all parties shall treat such material as confidential and shall make reasonable efforts to recall any material which had already been distributed in a manner inconsistent with the terms of this Order.

12. All "confidential" and/or "proprietary" materials disseminated pursuant to this Order and all copies thereof, other than those filed with this Court, shall be returned to counsel of the producing party at the conclusion of this litigation; except that copies bearing attorney notes or markings reflecting the thoughts of counsel shall be destroyed and verification of that destruction shall be provided to counsel for the party producing the materials.

13. This Order is without prejudice to the right of any party to seek modification or amendment of this Order by further order of this Court upon notice and motion.

14. This Order shall be binding upon the parties and their counsel.

Dated this 15th day of December, 2005.

BY THE COURT:

/s/ Boyd N. Boland
~~United States District Court Judge Babcock~~

**BOYD N. BOLAND**
**United States Magistrate Judge**

CONSENTED TO:

PLAINTIFF, TINA GARCIA

By:     s/Gregory A. Gold
         Gregory A. Gold, Esq.
         Kiel, Trueax & Gold, P.C.
         7375 East Orchard Road
         Greenwood Village, CO 80111
         Telephone: (303) 694-2666
         Facsimile: (303) 694-2573
         greg@ktglegal.com

         Craig Silverman, Esq.
         Silverman & Olivas, P.C.
         1675 Larimer Street, Suite 680
         Denver, Colorado 80202-2398
         Telephone: (303) 595-0529
         Fax: (303) 893-3389
         silverman@silvermanolivas.com

**ATTORNEYS FOR PLAINTIFF**

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA AND
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

By:     s/Mark C. Rohlena
         Mark C. Rohlena, Esq.
         Michael S. Beaver, Esq.
         Holland & Hart LLP
         8390 East Crescent Parkway, Suite 400
         Greenwood Village, CO 80111
         Telephone: 303-290-1600
         Facsimile: 303-290-1606
         mrohlena@hollandhart.com
         mbeaver@hollandhart.com

**ATTORNEYS FOR DEFENDANTS**

3477985_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-CV-01619 LTB-BNB

TINA GARCIA,

    Plaintiff,

vs.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of The Guardian Life Insurance Company of America, and THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign insurance company,

    Defendants.

---

**EXHIBIT A:**
**AFFIDAVIT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

---

    I, _____, being first duly sworn, depose and state the following:

    1.   I certify that I have read the Protective Order dated _____ and entered in the above-captioned case before reviewing or receiving access to the content of any of the documents subject to the provisions of this Protective Order.

    2.   I understand and agree that I am personally bound by and subject to all of the terms and provisions of the Protective Order.

    3.   I understand that the unauthorized disclosure of a document or information protected by the Protective Order may constitute breach of this Affidavit and Agreement and

may subject me both to the contempt powers of the Court, and to liability to one or more of the parties.

4.    Upon request, but no later than thirty (30) days following a final resolution of this action, I agree promptly to return all documents or materials protected by the Protective Order to the person or entity from whom I received the documents or materials, and I will not retain copies of these documents or materials.

5.    I subject myself to the jurisdiction and venue of said Court for purposes of enforcing this Affidavit and Agreement and the Protective Order.

_____

STATE OF _____ )
                                ) ss.
COUNTY OF _____ )

The foregoing instrument was subscribed and sworn to before me this _____ day of _____, 2005 by _____, an individual.

Witness my hand and official seal.

My commission expires:

_____

2