IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

        Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of The
    Guardian Life Insurance Company of America, and

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign Insurance Company,

        Defendants.
_____

ORDER
_____

This matter is before me on a Renewed Motion to Amended Findings in Order Dated December 27, 2007, filed by Defendants, Berkshire Life Insurance Company of America and The Guardian Life Insurance Company of America (collectively, "Berkshire"). [**Doc #336**] This renewed motion follows a limited remand by Order of the Tenth Circuit. [Doc #335] After consideration of the motion, and Plaintiff Tina Garcia's Response in Opposition, [Doc #339] I GRANT IN PART and DENY IN PART Berkshire's motion as follows.

**I. BACKGROUND**

At issue in this case is a disability policy purchased from Berkshire by Plaintiff. In my order dated December 27, 2007, I granted Berkshire's motion for summary judgment and, additionally, I accepted and fully adopted as the opinion of this court the Amended Recommendation of United States Magistrate Judge which recommended that Plaintiff's claims be

dismissed as a sanction for her abusive litigation practices. As such, I dismissed with prejudice Plaintiff's complaint and ordered that judgment enter in favor of Berkshire.

Following my order, the parties filed motions seeking to amend the findings therein. On January 23, 2008, I denied those motions subject to application for leave of the appellate court. [Doc # 322] The Tenth Circuit subsequently granted Berkshire's Motion for Leave, and entered a limited remand for me to "consider and decide [Berkshire's] motion filed in [this] court pursuant to Federal Rule of Civil Procedure 60(a)." [Doc # 335]

## II. BERKSHIRE'S MOTION TO AMEND

In its renewed motion, Berkshire requests that I amend language my December 27, 2007 Order describing the parties' disability insurance policy. Although my description of the policy at issue is not relevant to the legal analysis or rulings therein, Berkshire is concerned the my characterization of the policy constitutes a mistake in that it could be misconstrued in the future to inaccurately describe the terms of the policy. As such, Berkshire requests that I amend the language at issue to more accurately depict the policy so that my order "not be misconstrued as modifying the terms of that policy."

On pages 4 and 5 of my December 27, 2007 Order, I describe the disability policy as follows:

> The policy at issue is a *lifetime own-occupation* disability policy. As such, Plaintiff is entitled to a monthly indemnity for long-term disability benefits for as long as she is unable to work in her own occupation. (emphasis added).

Berkshire first takes issue with my use of the qualifier "lifetime" – in that it asserts that the policy only allows disability payments until age 65 unless the disability is caused by an accidental injury – and thus argues that it would be more accurate and neutral to describe the policy as a "long-term"

2

disability policy. In addition, Berkshire asserts that the policy is not an "own-occupation" policy because it also requires that Plaintiff not be engaged in any occupation "in which she might reasonably be expected to engage with due regard for her education, training, experience and prior economic status." As such, Berkshire requests that I amend the language of my December 27, 2007 Order to read as follows:

> The policy at issue is a disability policy. As such, Plaintiff is entitled to a monthly indemnity for long-term disability benefits for as long as *she meets the definition and policy requirements of "total disability."* (emphasis added)

In her opposition to Berkshire's request, Plaintiff first asserts that the relief requested by Berkshire is not appropriate under Fed. R. Civ. P. 60(a). I agree that the requested amendment does not remedy a "clerical mistake" under Rule 60(a). However, to the extent that such language is inaccurate or could be misconstrued – particularly in light of the continuing nature of the relationship of these parties – I find that it constitutes a "mistake arising from oversight or omission . . . found in the judgment." Fed. R. Civ. P. 60(a).

As to the requested amendment, Plaintiff argues that the original language is accurate and that "by attempting to change (not correct) the Order, Defendants are continuing in their attempts to reduce the apparent scope of coverage of the policy to the detriment of its own disabled policyholder."

As I have noted, the parties' arguments here are not relevant to the issues decided in this case; rather they relate to an anticipated disagreement about policy scope and future coverage. However, because I do not want my discussion of the policy in this case to be deemed as controlling or modifying its terms, I will amend the relevant language in the order as follows:

3

The policy at issue is a long-term disability policy. For the time period at issue here, Plaintiff is entitled to a monthly indemnity for disability benefits for as long as she is unable to work, as defined by the policy.

### III. PLAINTIFF'S REQUEST FOR CLARIFICATION

Finally, I note that in her opposition to this motion, Plaintiff requests that if I amend my December 27, 2007 Order, I clarify that such language is not intended to modify the terms of the policy. I agree that any description of the policy in my December 27, 2007, or the subsequent amended order, is not intended to amend or modify the terms of the disability policy at issue.

ACCORDINGLY, Defendants' Renewed Motion to Amended Findings in Order Dated December 27, 2007 [**Doc #336**] is GRANTED IN PART and DENIED IN PART, and my Order dated December 27, 2007, [**Doc # 305**] will be amended consistent with this order.

Dated: March  4 , 2008,  in Denver, Colorado.

        BY THE COURT:

           s/Lewis T. Babcock
        LEWIS T. BABCOCK, JUDGE