IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

    Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of
    The Guardian Life Insurance Company of America, and

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign Insurance
    Company,

    Defendants.

_____

# ORDER
_____

This matter is before me on Plaintiff's Motion for Reconsideration of Minute Order Dated March 11, 2008 (Doc No. 347). [**Doc # 352**] In this motion, Plaintiff Tina Garcia seeks reconsideration of my minute order in which I granted a Motion for Extensions of Time to File Bill of Costs and Supplemental Bill of Costs (Doc. No. 346) filed by Defendants, Berkshire Life Insurance Company of America and The Guardian Life Insurance Company of America (collectively, "Berkshire"). After consideration of the motion for reconsideration, as well as Berkshire's response thereto, and for the reasons stated below, I GRANT IN PART and DENY IN PART the motion as follows.

## I. BACKGROUND

On December 27, 2007, I dismissed Plaintiff's complaint on the basis that Berkshire was entitled to summary judgment in its favor and, additionally and alternatively, that the Magistrate

Judge's Amended Recommendations and Berkshire's Motion for Sanctions supported dismissal of Plaintiff's complaint as a sanction for her abuse litigation practices. I also awarded Berkshire its costs. The Clerk of the Court subsequently entered judgment against Plaintiff and awarded Berkshire its costs "upon the filing of a Bill of Costs with the Clerk of Court within ten days' entry of judgment," pursuant to D.C.Colo. L.Civ.R. 54.1, on January 3, 2008. [Doc # 306]

It is undisputed that Berkshire filed its initial Bill of Costs on January 18, 2008, one day out of time. [Doc #309] Plaintiff filed an objection in which she indicated only that she "disputes and objects to the Bill of Costs." [Doc #325] Berkshire then filed a Supplemental Bill of Costs on February 28, 2008 [Doc #338], and Plaintiff filed an objection in which she asserts that both Bill of Costs filed by Berkshire were untimely under D.C.Colo. L.Civ.R. 54.1. [Doc #344]

In response, Berkshire filed a Motion for Extensions of Time to File Bill of Costs and Supplemental Bill of Costs on March 10, 2008 [Doc. #346], seeking after-the-fact extensions of time pursuant to D.C.Colo. L.Civ.R. 6.1(C). In this motion Berkshire sought an extension of one day, to January 18, 2008, to file its original Bill of Costs, and an extension to February 28, 2008, to file its Supplemental Bill of Costs based on the excusable neglect of Berkshire's counsel under Fed. R. Civ. P. 6(b) and *Pioneer Inv. Serv. Co. v. Brunswick Association. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489, 123 L.Ed.2d 74 (1993). On March 11, 2008, I granted the motion by minute order. [Doc # 347] Plaintiff has filed this motion seeking reconsideration of that order.

## II. LAW

The parties agree that the Fed. R. Civ. P. 6(b) is applicable, and that the relevant standard for assessing excusable neglect is set forth in *Pioneer Investment Service v. Brunswick, supra*. As is applicable here, Fed. R. Civ. P. 6(b)(1)(B) provides that "[w]hen an act may or must be

2

done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." *See also* D.C.Colo. L.Civ.R. 6.1(F).

When determining what sorts of neglect will be considered "excusable," the Supreme Court ruled "that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Serv. v. Brunswick, supra*, 507 U.S. at 395. As a result, the Court set out four factors to be assessed in this determination: "(1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Id.* (establishing a flexible balancing test for analyzing excusable neglect under Bankruptcy Rule 9006(b)(1)); *see also Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1494 (10th Cir.1995)(using this analysis in applying Rule 6(b)); *City of Chanute, Kan. v. Williams Natural Gas Co.*, 31 F.3d 1041 (10th Cir. 1994).

### III. INITIAL BILL OF COSTS

I first address and weigh the factors related to the initial Bill of Costs filed by Berkshire one day out-of-time.

**Factor #1: Prejudice to Plaintiff**

Plaintiff argues that Berkshire's request for an extension is prejudicial in that it places "additional unwarranted demands on defending Defendants' Bill of Costs" because counsel – who is apparently representing Plaintiff on a *pro bono* basis – would have to redirect scarce legal

3

resources in addressing the Bill of Costs if it is allowed to be untimely filed. I disagree with the underlying premise that Plaintiff is somehow prejudiced by Berkshire's inadvertent late filing for their costs – after judgment entered in Berkshire's favor on two different grounds – one day out of time. *See Thomas v. Board of Educ., Unified School Dist. No. 501*, 177 F.R.D. 488, 490 (D. Kan. 1997)(the plaintiff's argument of prejudice that an award of attorney fees could potentially be assessed against her" did not constitute "prejudice that results from the defendant's late filing of the motion").

To the extent that Plaintiff also argues that Berkshire is urging a "double standard regarding enforcement of the Court rules" – in that it had previously requested that Plaintiff's motion to amend the judgment be denied as untimely – such consideration does not relate to any possible prejudice to Plaintiff in this instance. More importantly, Plaintiff's untimely motion to amend the judgment was governed by the time limitations in Fed. R. Civ. P. 59(e), and is specifically not covered by Fed. R. Civ. P. 6(b). I conclude that there is no real danger of prejudice to Plaintiff to allow the untimely Bill of Costs in this case.

**Factor #2: Length of the Delay & Impact on Proceedings**

Plaintiff's assertion that the length of the delay here "is extreme and reflects a blatant disregard for the rules of the Court" is, at the least, overstated. The delay of one day is not significant. *See generally U.S. v. Vogl,* 374 F.3d 976, 982 (10th Cir. 2004). Furthermore, even before the Bill of Costs was filed, Plaintiff's counsel requested additional time for the related hearing in order for her new counsel to get up to speed on the case. In fact, the hearing was not scheduled until February 27, 2008, almost a month after the initial Bill of Costs was filed. In

4

addition, Plaintiff's counsel then requested another extension of that hearing date to March 12, 2008, twelve days after the Supplemental Bill of Costs was filed. I further note that the hearing has subsequently been reset for April 1, 2008. As a result, the delay related to the untimely filing of the original Bill of Costs has had little impact on the proceedings.

**Factor #3: Reason for Delay**

The reason for the delay is "a very important factor – perhaps the most important single factor – in determining whether neglect is excusable." *City of Chanute, Kan. v. Williams Natural Gas Co.,* 31 F.3d at 1046. Here, Berkshire's counsel has filed an affidavit in which she avers that the reason for the delay was simple inadvertence. Specifically, she avers that although she was aware of the ten-day deadline for the Bill of Costs, her electronic docketing entry reminder was programmed to give her a week notice of the deadline, as opposed to the "one-day" or "day of" reminder "as is typical." Additionally, she "mistakenly had it in my mind that the bill of costs was due on a Friday [as opposed to Thursday], perhaps because the original deadline [initially calculated by counsel based on the date of the final order] was Friday, January 11." Due to the fact that the electronic reminder was programmed in a atypical fashion, there was nothing to "override" counsel's mistaken belief that the Bill of Costs was due on a Friday. Finally, counsel avers it was not until the parties conferred with each other on March 4, 2008, that "the issue of the timeliness of the filing came to light" upon which she "immediately researched the issue and prepared" Berkshire's motion seeking an extension of time.

Although I agree with Plaintiff that the untimely filing was "fully within the control of Defendants and Defendants' counsel," as is conceded by Berkshire, it is clear that excusable neglect may extend to "inadvertent delays." *Pioneer Inv. Serv. v. Brunswick, supra*, 507 U.S. at

5

381, 391 (courts are "permitted to accept late filings caused by inadvertence, mistake, or carelessness, not just those caused by intervening circumstances beyond the party's control;" excusable neglect "is not limited strictly to omissions caused by circumstances beyond the control of the movant").

**Factor #4 Good Faith**

Finally, Plaintiff has not provided me with any evidence to indicate that Berkshire's untimely filing was done in bad faith or with any improper motive. *See City of Chanute, Kan. v. Williams Natural Gas, supra*, 31 F.3d at 1047. Rather, as discussed above, the evidence presented supports a conclusion that the untimely filing was the product of an unintended mistake. Therefore, in balancing the factors relative to a determination pursuant to Fed. R. Civ. P. 6(b)(1)(B), I conclude that all factors related to the untimely filing of Berkshire's initial Bill of Costs weighs in favor of a finding excusable neglect. As such, Plaintiff's motion for reconsideration related to this filing by Berkshire is denied.

## IV. SUPPLEMENTAL BILL OF COSTS

As to the Supplemental Bill of Costs, filed approximately one month late, Berkshire's sole proffered reason for the delay was that it was "necessitated for the most part because certain expert invoices had not made it through Berkshire's accounting system when the original bill of costs was submitted." Evidentially, the additional invoices were identified only after Plaintiff requested additional documentation regarding the costs associated with the experts. As such, Berkshire asserts that the additional time was needed to compile the most current invoices.

As a general matter, I agree with Plaintiff that Berkshire's proffered reason for the delay

6

of approximately one month does not, in and of itself, constitute excusable neglect warranting a late filing. *See generally O'Shea v. Yellow Technology Services, Inc.,* 208 F.R.D. 634, 636 (D. Kan. 2002); *Hildebrand v. Steck Mfg. Co., Inc.,* 2007 WL 2350151 (D.Colo. 2007). More importantly, however, the adjustments made on the Supplemental Bill of Costs – which apparently constitute a mathematical error and two missed invoices – are more aptly addressed during the hearing to be held by the Clerk on the taxation of costs.

ACCORDINGLY, I GRANT IN PART and DENY IN PART Plaintiff's Motion for Reconsideration of Minute Order Dated March 11, 2008 [**Doc # 352**] as follows:

1) The Court's Minute Order Dated March 11, 2008 [Doc # 347] is VACATED;

2) Defendants' Bill of Costs, dated January 18, 2008 [Doc # 309], is ACCEPTED AS TIMELY FILED; and

3) Defendants' Supplemental Bill of Costs, dated February 28, 2008 [Doc # 338], is STRICKEN AS UNTIMELY pursuant to D.C.Colo. L.Civ.R. 54.1.

Dated: March   26  , 2008,  in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE