IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

        Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of The
    Guardian Life Insurance Company of America, and
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign Insurance Company,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion for Relief From Order [**Doc # 358**] filed by Plaintiff, Tina Garcia, pursuant to Fed. R. Civ. P. 60(b), requesting that I vacate my order, in which I dismissed her complaint with prejudice. That dismissal was based on my summary judgment ruling in favor of Defendants Berkshire Life Insurance Company of America and The Guardian Life Insurance Company of America ("Berkshire") and, alternatively, on my adoption of the Magistrate Judge's recommendation to dismiss the complaint as a sanction for Plaintiff's abusive litigation practices. For the reasons set forth below, I DENY the motion.

## I. BACKGROUND

This matter involves a private long-term disability insurance policy purchased by Plaintiff from Berkshire in December of 1991. Plaintiff first applied for total disability benefits under the policy on November 28, 1999. On August 5, 2002, Berkshire paid Plaintiff past benefits for the period of July 6, 1999 through August 5, 2002. In April of 2003, Berkshire paid Plaintiff benefits for the period of August 2002 through April 2003, under a reservation of rights.

Finally, in September of 2003, Berkshire again paid Plaintiff benefits, under a reservation of rights, for the period of April 2003 through August 2003.

At that point Berkshire ceased paying benefits and, as a result, Plaintiff filed this lawsuit in July 2004, asserting asserts claims for: 1) Bad Faith and Breach of an Insurance Contract; and 2) Violations of the Colorado Consumer Protection Act. On September 5, 2007, during the pendency of this case, Berkshire approved and paid Plaintiff's pending claim for disability benefits for the period of February 1, 2007 to October 1, 2007. Therefore, at issue is the time period from August 6, 2003 through February 1, 2007 (a period of three years and five months) during which time Berkshire denied Plaintiff's claim for disability benefits on the basis that she failed to comply with the "proof of loss" provisions in the policy.

On December 27, 2007, I ruled Berkshire was entitled to summary judgment on Plaintiff's breach of contract claim because I determined that Berkshire did not breach their insurance policy as a matter of law, in that no reasonable trier of fact could conclude that Plaintiff complied with the insurance contract proof of loss requirements before February of 2007. I also ruled that Berkshire was entitled to summary judgment on Plaintiff's tort-based claim for bad faith breach of the insurance policy on the basis that Berkshire acted reasonably and did not act with bad faith or breached its duty of good fair and fair dealing in handling and partially denying Plaintiff's disability claim. Finally, I ruled that Berkshire was entitled to summary judgment on Plaintiff's claim for violation(s) of the Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-105, *et. seq.*, on the basis that Plaintiff provided no evidence of specific facts to support her claim that Berkshire's actions here would impact the public as actual or potential consumers.

As an separate and independent basis for dismissal of this case, I engaged in a *de novo* review of the Amended Recommendation of United States Magistrate Judge which recommended that I grant Berkshire's Renewed Motion for Sanctions and, as such, dismiss the case with prejudice. I concluded that the Magistrate Judge's exhaustive analysis was legally correct and fully supported by the record, and thus I denied Plaintiff's objections and adopted the recommendation to grant Berkshire's motion for sanctions and dismiss the case for abusive litigation practices.

## II. LAW

In this motion, Plaintiff seeks relief pursuant to Fed. R. Civ. P. 60(b), which provides, in relevant part, that I may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . .;
>
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
>
> . . .
>
> (6) any other reason that justifies relief.

"A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . .". Fed. R. Civ. P. 60(c)(1).

Reconsideration under Rule 60(b) may only be granted in exceptional circumstances. *Rogers v. Andrus Transp. Services*, 502 F.3d 1147, 1153 (10th Cir. 2007); *Allender v. Raytheon Aircraft Co.,* 439 F.3d 1236, 1242 (10th Cir. 2006). As such, reconsideration is not a tool to rehash previously-presented arguments already considered and rejected by the Court, nor is it to present new arguments based upon law or facts that existed at the time of the original argument.

3

*FDIC v. United Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir.1998); *Van Skiver v. United States*, 952 F.2d 1241, 1243-44 (10th Cir. 1991). Parties seeking relief under Rule 60(b) must overcome a high hurdle because such a motion "is not a substitute for an appeal." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.,* 909 F.2d 1437, 1440 (10th Cir. 1990). Whether to grant a Rule 60(b) motion rests within the trial court's discretion. *See Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007).

### III. SANCTIONS ORDER

I first address Plaintiff's arguments seeking reconsideration of my order dismissing her case by adopting the Magistrate Judge's recommendation that I grant Berkshire's Motion for Sanction for abusive litigation practices.

As a separate and independent basis for dismissal, I accepted and fully adopted the Magistrate Judge's recommendation to grant Berkshire's motion for sanctions after a *de novo* review. After rejecting Plaintiff's testimony as "incredible," the Magistrate Judge found as follows: 1) Plaintiff falsified a report, purportedly prepared by her vocational rehabilitation expert, Patrick M. Renfro, and submitted the falsified report to the Colorado Board of Law Examiners; 2) Plaintiff falsified a letter purportedly written by Dr. Robert Kooken, a neuropsychologist and another expert witness in this case; 3) Plaintiff fabricated a letter purportedly written by Earl Schoenborn, the agent who sold her the disability insurance policy at issue in this case; and 4) Plaintiff fabricated an e-mail string involving Gene Lupia of CH2M Hill. The Magistrate Judge further found that "the fabrications were prepared by the plaintiff willfully, knowingly, intentionally, after careful contemplation, for self-serving purposes, and with a full understanding of the impropriety involved." After assessing the five factors to

4

evaluate a party's litigation misconduct articulated in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Magistrate Judge recommended, and I agreed, that this action should be dismissed with prejudice as a sanction for Plaintiff's abusive litigation practices.

Plaintiff now seeks reconsideration of this ruling on the following grounds. First, she maintains that the Magistrate Judge did not apply a "clear and convincing" standard when concluding that she had fabricated evidence and that the evidence of her "fraud" did not rise to that standard. She also asserts that the Magistrate Judge made a "substantive mistake" in that his rulings were premised on Berkshire's "disingenuous effort to dredge up four totally irrelevant and immaterial documents out of thousands available through discovery, falsely portray them as fraudulent, and then use Plaintiff's cognitive disabilities as a weapon against her by portraying her confusion, memory loss, and lack of knowledge about these documents as evidence of dishonesty or disregard for the dignity of the Court." Finally, she argues that the Magistrate Judge did not properly apply the factors set forth in *Ehrenhaus v. Reynolds, supra*, when concluding that dismissal was appropriate, because they were based on "mistaken findings" of Plaintiff's misconduct.

Plaintiff fails to refer me to the applicable subsection of Rule 60(b). However, her arguments here consist of claim of judicial mistake as contemplated by Rule 60(b)(1)(providing for relief based on "mistake, inadvertence, surprise, or excusable neglect"). Judicial mistakes are included within the scope of Rule 60(b); as a general proposition, the "mistake" provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority from a

5

party, or (2) where the judge has made a substantive mistake of law or fact in the final judgment or order. *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 577 (10th Cir. 1996).

Plaintiff's arguments under Rule 60(b)(1) go to the latter in that they allege judicial mistakes. When Rule 60(b)(1) is used to challenge a substantive ruling by the district court, as here, the Tenth Circuit requires that such a motion be filed within the time frame required for the filing of a notice of appeal. *Cashner v. Freedom Stores, supra,* 98 F.3d at 578; *see also Van Skiver v. U.S., supra*, 952 F.2d at 1244 ("relief may be granted under Rule 60(b)(1) on a theory of mistake of law, when . . . the Rule 60(b) motion is filed before the time to file a notice of appeal has expired"); *Thompson v. Kerr-McGee Refining Corp.,* 660 F.2d 1380, 1385 (10th Cir. 1981) (indicating that Rule 60(b) motions to vacate mistakes of law are governed by the thirty day appeals deadline). Thus, in this situation the Tenth Circuit has construed the requirement that "the motion shall be filed within a reasonable time" in Rule 60(c)(1), "to be contemporaneous with the time constraints for taking a direct appeal." *Cashner v. Freedom Stores*, *supra,* 98 F.3d at 578 (*quoting Van Skiver v. U.S.*, *supra*, 952 F.2d at 1244).

After judgment entered in January 2008, I subsequently amended my order of dismissal, upon the request of the parties, on March 4, 2008 and again on March 18, 2008. Plaintiff then filed this motion on June 9, 2008, well outside of the thirty-day time period. Her request for consideration based on her challenges of judicial mistake is thus untimely. Plaintiff is, in essence, inappropriately seeking direct review of the findings made by the Magistrate Judge, and adopted by this court, by couching her challenges as mistakes of fact and law under Rule 60(b)(1). *Cashner v. Freedom Stores, supra,* 98 F.3d at 577 (Rule 60(b) "is not intended to be a substitute for a direct appeal"). Such determination are now properly before the Tenth Circuit

as Plaintiff has timely filed her notice of appeal.  *See id.* at FN 4 (agreeing that "an appeal from the final judgment does not enlarge the time within which to move for relief under 60(b)")(*quoting* 7 Moore, Federal Practice ¶ 60.30[1]).

To the extent that Plaintiff is seeking relief of the dismissal order based on the alleged fraud or misconduct by Berkshire, as discussed above, her allegations do not meet the standard of Rule 60(b)(3)(providing for relief for "fraud . . . misrepresentation, or misconduct by an opposing party").  A party relying on Rule 60(b)(3) "must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation."  *Zurich North America v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005)(*citing Wilkin v. Sunbeam,* 466 F.2d 714, 717 (10th Cir. 1972).  In other words, "they must show 'clear and convincing proof' of fraud, misrepresentation, or misconduct" in that Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect, which may be remedied under subsections (b)(1) or (2)."  *Zurich North America v. Matrix Serv., supra,* 426 F.3d at 1290 (citations omitted).

Plaintiff's assertion that Berkshire disingenuously "dredged up" four fabricated documents and then "falsely portrayed them as fraudulent" by relying on Plaintiff's cognitive difficulties," is unsupported and conclusory and does not rise to the level required by the Tenth Circuit to warrant relief under Rule 60(b)(3).  Furthermore, to the extent that Plaintiff is alleging fraud on the court – under the "savings clause" of Rule 60(d)(3) which allows a court to "set aside a judgment for fraud on the court" – she has likewise failed to prove the more rigorous standard of requiring proof of "intent to deceive or defraud the court" through a "deliberate scheme."  *Id.*; *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)("[g]enerally

speaking, only the most egregious misconduct, such as bribery of a judge . . . will constitute a fraud on the court").

## IV. SUMMARY JUDGMENT

Plaintiff also asserts that I erred when I ruled, as separate and alternative grounds, that her case was dismissed because Berkshire was entitled to summary judgment. Although again not specified, the primary basis for her seeking reconsideration of my summary judgment ruling is alleged judicial mistakes pursuant to Rule 60(b)(1).

Plaintiff first asserts that I made a mistake of law when ruling that a reasonable juror could only conclude that she failed to provide Berkshire with proof of loss before February of 2007. Plaintiff refers me to the language in the insurance contract that provides that "[w]e must receive written proof of loss . . . within ninety days after the end of the period for which we are liable." Plaintiff maintains that this policy language only requires proof of loss "after the end of the entire period of the entire period of continuous disability for which the insurer is liable." *Knoepfler v. Guardian Life Ins. Co. of America,* 438 F.3d 287, 297 (3rd Cir. 2006). I note that this new arguments is based upon law and facts that existed at the time of the original argument.

Plaintiff also asserts that I erred when I determined that Berkshire's "usual forms for filing proof of loss," as set forth in the policy language, included documentation beyond claimant's statement and monthly attending physician statements, as supplemented with independent medical examinations (IME) and income verification. Specifically, she challenges my determination that Berkshire was also entitled to medial release authorization forms and treatment records related to Plaintiff's past sexual abuse. Plaintiff raises no new arguments

8

related to this claim; rather, she is seeking to rehash previously-presented arguments already considered and rejected.

Nonetheless, Plaintiff's arguments here allege judicial substantive mistakes pursuant to Rule 60(b)(1) and, as discussed above, a motion that challenges substantive ruling as judicial mistakes must be filed within the thirty day time frame required for the filing of a notice of appeal. *Cashner v. Freedom Stores, supra,* 98 F.3d at 578. Because Plaintiff filed this motion outside of that thirty-day time period, relief pursuant to Rule 60(b)(1) is not available.

Plaintiff also challenges my factual determinations that: 1) she did not provide Berkshire with the requisite medical records authorization forms until February 2007; 2) complete medical records were not provided to Berkshire until 2007; and 3) she failed to appear or re-schedule the December 2005 IME until February 2007. Plaintiff's argument is premised on allegedly newly discovered evidence in the form of two medical authorizations (dated December 15, 2003 and May 15, 2003) and two allegedly relevant IME reports (Dr. Stieg's report dated February 2004 and Dr. Patterson's report dated March 2005).

For newly discovered evidence to justify reconsideration under Rule 60(b)(2), it must satisfy the following conditions:

> (I) the evidence was newly discovered since the trial; (ii) the movant was diligent in discovering new evidence; (iii) the newly discovered evidence is not merely cumulative or impeaching; (iv) the newly discovered evidence is material; and (v) a new trial with the newly discovered evidence would probably produce a different result.

*Graham v. Wyeth Lab.,* 906 F.2d 1399, 1416 (10th Cir.1990). As a result, Plaintiff cannot rely upon information that was either available to a court before the issuance of a final judgment or discoverable with due diligence. *See Beugler v. Burlington N. & Santa Fe, supra,* 490 F.3d at

9

1227; *Valmont Indus., Inc. v. Enresco, Inc.,* 446 F.2d 1193, 1195 (10th Cir. 1971)(holding that, although a patent was not known to the movant before the final judgment, a diligent patent search before trial would have disclosed it).

Here, the evidence was not newly discovered, and Plaintiff has not demonstrated that she was diligent in discovering the evidence; rather, she asserts that they "became buried in boxes of her records in her basement until discovery by her present counsel." As such, Plaintiff is not able to make a sufficient showing that the evidence was not in her possession before my ruling on summary judgment, or that she could not have known of and obtained the evidence through discovery prior to that time. *See Zurich North America v. Matrix Serv., supra,* 426 F.3d at 1290 (ruling that the availability of documentation before the trial does not qualify as newly-discovered evidence and movant's abandonment of its requests for the documents does not demonstrate diligence). Furthermore, I note – without deciding – that Berkshire has a strong argument in support of its claim that the new authorizations and the March 2005 IME are fabrications, and that the February 2004 IME and the March 2005 IME are not material.

## V. MANIFEST INJUSTICE

Finally, Plaintiff requests reconsideration of both my rulings under Rule 60(b)(6), which allows for reconsideration for "any other reason that justifies relief." Plaintiff's argument here is that because my determinations on summary judgment and dismissal sanction are not supported by the evidence, due to the mistakes and misrepresentations alleged, she has been denied an opportunity to present her claims to a jury, resulting in manifest injustice.

Rule 60(b)(6) "gives the court a grand reservoir of equitable power to do justice in a particular case," but "[a] court will only award Rule 60(b)(6) relief in extraordinary cases."

*Pierce v. Cook & Co.,* 518 F.2d 720, 722 (10th Cir.1975), *Pelican Production Corp. v. Marino,* 893 F.2d 1143, 1147 (10th Cir. 1990). Such relief is appropriate only "when circumstances are so 'unusual or compelling' that extraordinary relief is warranted, or when it 'offends justice' to deny such relief." *Cashner v. Freedom Stores, supra,* 98 F.3d at 580. As a result, "Rule 60(b)(6) relief is even more difficult to attain" than other Rule 60(b) relief. *Zurich North America v. Matrix Serv., supra,* 426 F.3d at 1293.

I initially note that relief under Rule 60(b)(6) may not be premised on grounds which are enumerated in clauses (b)(1) through (b)(5) of Rule 60. *Zurich North America v. Matrix Serv., supra,* 426 F.3d at 1293. The grounds argued by Plaintiff under 60(b)(6) are identical to those asserted, but rejected, under Rule 60(b)(1)-(5). *Id.* ("[p]arties moving for relief under Rule 60(b) cannot simply throw in subsection (6) without any new arguments and expect to obtain a new trial"). Furthermore, I conclude that Plaintiff has not demonstrated "extraordinary circumstances" which justify relief from the operation of the judgment in this case. *See Yapp v. Excel Corp.,* 186 F.3d 1222, 1232 (10th Cir. 1999)("[t]he denial of a 60(b)(6) motion will be reversed only if we find a complete absence of a reasonable basis and are certain that the . . . decision is wrong").

ACCORDINGLY, Plaintiff's Motion for Relief From Order [**Doc # 358**] is DENIED.


Dated: December   3  , 2008, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE