IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

        Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of The
    Guardian Life Insurance Company of America, and

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign Insurance Company,

        Defendants.
_____

ORDER
_____

This matter is before me on a Motion for Award of Attorney Fees and Motion for Setoff Against Disability Payments [**Doc # 383**] filed by Defendants Berkshire Life Insurance Company of America and The Guardian Life Insurance Company of America ("Berkshire") against Plaintiff, Tina Garcia. After consideration of the parties' briefs and related attachments, I DENY Berkshire's motion.

## I. BACKGROUND

This matter involves a private long-term disability insurance policy purchased by Plaintiff from Berkshire. After Berkshire ceased paying Plaintiff benefits under this policy in September of 2003, she filed this lawsuit in July 2004, asserting claims for: 1) Bad Faith Breach of an Insurance Contract; and 2) Violations of the Colorado Consumer Protection Act. During the pendency of this case, Berkshire approved and paid Plaintiff's pending claim for disability benefits for the period of February 1, 2007 to October 1, 2007. Therefore, at issue is the time

period from August 6, 2003 through February 1, 2007 (a period of three years and five months) during which time Berkshire denied Plaintiff's claim for disability benefits on the basis that she failed to comply with the "proof of loss" provisions in the policy.

On December 27, 2007, I ruled Berkshire was entitled to summary judgment on Plaintiff's claims. In addition, as a separate and independent basis for dismissal of this case, I adopted the Amended Recommendation of United States Magistrate Judge which recommended that I grant Berkshire's Renewed Motion for Sanctions and, as such, dismissed the case with prejudice for abusive litigation practices. I subsequently denied Plaintiff's Motion for Reconsideration under Fed. R. Civ. P. 60(b), and Plaintiff has filed a Notice of Appeal which is pending with the Tenth Circuit.

Berkshire then filed this motion seeking an award of attorney fees against Plaintiff. Berkshire seeks to recover the fees it incurred in investigating, preparing and pursuing its Motion for Sanctions, and in defending Plaintiff's Motion for Reconsideration, under Colo. Rev. Stat. § 13-21-102 and 28 U.S.C. § 1927. Berkshire also seeks the fees it incurred in defending against Plaintiff's Consumer Protection Act claim pursuant to Colo. Rev. Stat. § 6-1-113(3). Finally, Berkshire seeks an order allowing it to offset any fee award from the monthly benefit payments it is currently making to Plaintiff under her disability policy. Plaintiff opposes the relief requested.

## II. FEES FOR SANCTIONS/RECONSIDERATION MOTION

Berkshire first requests the attorney fees it incurred when seeking sanctions for Plaintiff's discovery abuses, and then in defending against her Motion for Reconsideration under Fed. R. Civ. P. 60(b), on the basis that her claims were substantially groundless or vexatious.

2

Specifically, Berkshire argues that Plaintiff's claims were dismissed because they were supported by falsified evidence, and that Plaintiff's subsequent Motion for Reconsideration was based on the same arguments and was supported by additional falsified evidence. As such, Berkshire maintains that "[e]ven after being put on notice that her evidence was false, [Plaintiff] perpetuated this meritless litigation and used fabricated documents to support her proof." Berkshire seeks an award of attorney fees against Plaintiff and her attorney as "the only available deterrent to continued litigation."

In support of its request, Berkshire relies upon Colo. Rev. Stat. § 13-17-102(2), which provides that in a civil action "the court shall award . . . reasonable attorney fees against any attorney or party who has brought or defended a civil action, either in whole or in part, that the court determines lacked substantial justification." *See also* 28 U.S.C. § 1927 (providing that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct"). § 13-17-102 applies to diversity claims brought in the District of Colorado, as here. *Lorillard Tobacco Co. v. Engida,* 556 F.Supp.2d 1209, 1215 (D. Colo. 2008). "Lacked substantial justification" is defined in the statute to mean "substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. § 13-17-102(4).

To prevail on a request for attorney fees under § 13-17-102, a defendant has the burden of proving by a preponderance of the evidence that the plaintiff's claims lack substantial justification. *Elrick v. Merrill,* 10 P.3d 689, 698 (Colo. App. 2000). I note that the determination whether a claim is groundless or frivolous under § 13-17-102 "is within the

3

discretion of the trial court, whose decision will not be disturbed on appeal if supported by the record." *Wheeler v. T.L. Roofing, Inc.,* 74 P.3d 499, 504 (Colo. App. 2003)(citing *Schoonover v. Hedlund Abstract Co.*, 727 P.2d 408 (Colo. App. 1986)).

First, to the extent that Berkshire argues that the underlying claims asserted by Plaintiff were frivolous, I disagree. While I dismissed her claims on summary judgment, and agreed that she committed discovery violations in the form of providing fabricated documents that warranted the sanction of dismissal, Plaintiff's claims were not so devoid of merit to rise to the level of being substantially frivolous. Berkshire asserts that it is not arguing that Plaintiff's case was without merit, but rather that Plaintiff's use of fabricated evidence in support of her claims was substantially vexatious and/or groundless to warrant a limited award for the fees Berkshire incurred in investigating and pursuing the falsified evidence.

A claim is deemed groundless if there is no credible evidence to support the allegations. *Zivian v. Brooke-Hitching*, 28 P.3d 970, 974 (Colo. App. 2001). Berkshire argues that Plaintiff's claims against it were groundless in that they are only supported by false or fabricated evidence. In response, Plaintiff argues that the contested evidence, even if falsified, was not material to her claims. Rather, her breach of contract and consumer protection claims were supported by undisputed facts related to Berkshire's alleged unreasonable and/or illegal refusal to pay benefits due to her under the policy. While I cannot say that the fabricated evidence was completely immaterial to the claims raised, and it was certainly material to Plaintiff's credibility, I do agree with Plaintiff that there was other evidence in support of her claims that precludes a conclusion that they were "groundless."

4

Berkshire also argues Plaintiff's action lacked substantial justification in that her claims were substantially vexatious. A vexatious claim is one brought or maintained in bad faith; bad faith may include conduct that is arbitrary, vexatious, abusive, or stubbornly litigious, and may also include conduct aimed at unwarranted delay or disrespectful of truth and accuracy. *Zivian v. Brooke-Hitching*, *supra*, 28 P.3d at 974; *Bockar v. Patterson,* 899 P.2d 233, 235 (Colo. App. 1994)("[a] vexatious claim is one brought or maintained in bad faith to annoy or harass"). Plaintiff's discovery conduct, in the form of producing fabricated evidence, was certainly egregious and disrespectful of the truth. However, in response to Plaintiff's abusive litigation practices and discovery violations, Berkshire sought and was granted extraordinary relief in the form of the dismissal of Plaintiff's case. I cannot find that Plaintiff's initial claims lacked substantial justification. And, although her claims were certainly pursued through improper conduct and with bad faith, the sanction of dismissal of her case was sufficient to redress this behavior. As such, I decline to award Berkshire its fees incurred in pursuing its motion seeking sanctions against Plaintiff for abusive litigation tactics.

Berkshire also makes the same arguments in support of its request for the attorney fees it incurred in defending against Plaintiff's Motion for Reconsideration filed pursuant to Fed. R. Civ. P. 60(b). It argues that the basis for the motion was groundless in that it consisted of the same arguments previously made and/or "concocted new theories of how the [fabricated] evidence came to be." In addition, Berkshire argues that the Rule 60(b) motion relied on "new" evidence that Berkshire maintains was obviously also fabricated.

First, I note that when ruling on Plaintiff's Motion for Reconsideration I did not find or conclude that the newly-discovered evidence – upon which the motion was based in part – was

fabricated. The validity and materiality of this evidence is now before the Tenth Circuit in the pending appeal of this case. And while Plaintiff's Rule 60(b) motion was weak at best, I find that Berkshire has not met its burden of proving by a preponderance of the evidence that the Plaintiff's claims were either substantially groundless or vexatious in nature to warrant an award of attorney fees against her for pursuing her Motion for Reconsideration under § 13-17-102.

## III. FEES FOR DEFENDING CCPA CLAIM

Berkshire also seeks the attorney fees it incurred in defending against Plaintiff's claim brought under the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.* (the "CCPA"). Because it was the prevailing party – in that I granted summary judgment in its favor on that claim – Berkshire seeks its attorneys fees pursuant to § 6-1-113(3), which provides that "[a]ny person who brings an action under this article that is found by the court to be groundless and in bad faith or for the purpose of harassment shall be liable to the defendant for the costs of the action together with reasonable attorney fees as determined by the court." In support of its request, Berkshire asserts that Plaintiff's CCPA claim was both groundless (in that no facts supported it) and brought in bad faith (as it was based on fabricated evidence).

However, while I determined the Berkshire was entitled to summary judgment on Plaintiff's CCPA claim, I did so on the basis that Plaintiff provided no specific facts to support her claim that Berkshire's actions here would impact the public as actual or potential consumers (the third element of proof required to prove a private cause of action under the CCPA). *See generally Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.,* 62 P.3d 142, 150 (Colo. 2003). When granting summary judgment in favor of Berkshire on this claim, I did not

find – nor do I do so now – that the CCPA claim was groundless or brought in bad faith for the purpose of harassment, as is required by § 6-1-113(3). *US Fax Law Center, Inc. v. Henry Schein*, *Inc.,* ___ P.3d ___ 2009 WL 261764, 5 (Colo. App. 2009)("[t]he purpose of section 6-1-113 is to discourage claims under the CCPA that are groundless, made in bad faith, or brought for the purpose of harassment"); *but see Wheeler v. T.L. Roofing, supra,* 74 P.3d at 506 (upholding an award of fees under § 6-1-113(3) when the trial court ruled that the plaintiff "did not allege, nor is there any showing in any factual material submitted by the parties that the alleged conduct of [the defendant] significantly impacts the public as an actual or potential consumer").

Based on the foregoing, I do not reach Berkshire's assertion that the attorneys fees requested are reasonable and necessarily incurred, nor do I address its request for an order setting off any award from the monthly benefit payments it is currently making to Plaintiff under the policy at issue. To the extent that Berkshire seeks an order allowing it to offset the previously-entered cost judgment against Plaintiff from her monthly benefit payments under her disability policy, I also deny this request. Additionally, I deny Plaintiff's unsupported request for an award of attorney fees against Berkshire "on a *quantum meruit* basis."

ACCORDINGLY, for the reasons stated, I DENY the Motion for Award of Attorney Fees and Motion for Setoff Against Disability Payments [**Doc # 383**].

Dated: February __17__, 2009, in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE