IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

        Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned Subsidiary of The Guardian Life Insurance Company of America, and

THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign Insurance Company,

        Defendants.

___

ORDER
___

This matter is before me on the following motions filed by *pro se* Plaintiff, Tina Garcia: (1) Plaintiff's Motion for the Recusal or Disqualification of Judge Babcock and Magistrate Judge Boland [**Doc # 431**], filed on February 12, 2010; and (2) Plaintiff's Motion to Disqualify Magistrate Boland and Judge Babcock And/Or Motion for Substitution [**Doc # 444**] filed on March 15, 2010. I have referred the portion of the motions seeking Magistrate Judge Boland's recusal to him for his determination. [**Docs # 430 & 445**] Thus, at issue here is Plaintiff's request that I recuse myself from these proceedings, and that a new judge be assigned to this case.

As an initial matter, I note that Plaintiff requests a "hearing to show proof that [I] should be promptly disqualified and be subjected to the appropriate sanctions." In requesting a hearing,

Plaintiff seeks an opportunity to present evidence sufficient to compel my disqualification. However, in reviewing the motions I have assumed as true all the factual allegations asserted by Plaintiff . *See U.S. v. Ritter*, 540 F.2d 459, 462 (10th Cir. 1976)(*citing Berger v. U.S.*, 255 U.S. 22, 34-36, 41 S.Ct. 230, 65 L.Ed. 481 (1921)). As a result, there are no disputed factual issues necessitating an evidentiary hearing. *See U.S. v. Ritter*, *supra,* 540 F.2d 459 (review of a disqualification motion is restricted to legal sufficiency, "and does not include the truth of the allegations"). In addition, oral arguments would not materially assist me in the determination of these motions. Thus, after consideration of the parties' briefs and arguments, as well as Paragraphs 5 through 12 of Plaintiff's Motion to Supplement [**Doc # 433 & 434**] filed on February 16, 2010, I DENY both motions as they pertain to me for the following reasons.

## I. BACKGROUND

Plaintiff filed this lawsuit in July 2004, asserting claims for relief for Bad Faith/Breach of Insurance Contract, and for Deceptive Trade Practices under the Colorado Consumer Protection Act (C.R.S. §§ 6-1-101, *et. seq.*), on the basis that Defendant, Berkshire Life Insurance Company of America, failed to pay benefits it owed to her under her disability insurance policy. On December 27, 2007, I dismissed Plaintiff's case on alternative grounds; I first granted Berkshire's motion for summary judgment against Plaintiff on the merits and, in addition, I denied Plaintiff's objection to Magistrate Boland's Recommendation to dismiss her case as a sanction of fabricating discovery documents. [**Doc #305**]

On June 10, 2009, a division of the Tenth Circuit affirmed my decision by concluding that I did not abuse my discretion when dismissing Plaintiff's lawsuit as a sanction for her

2

improper actions and, as a result, the Tenth Circuit did not address my ruling on summary judgment. *Garcia v. Berkshire Life Ins. Co. Of America,* 569 F.3d 1174, 1182 (10th Cir. 2009) When ruling on Berkshire's appellate motion seeking damages and its appellate costs, the Tenth Circuit noted that Berkshire "suggests" that Plaintiff submitted new false evidence after the imposition of the dismissal sanction. If the three new documents "turn out to be fabrications," the Tenth Circuit stated that "it follows that the appeal was based in part on 'factual misrepresentations,' making appellate level sanctions appropriate." *Id.* at 1183.

Thus, the Tenth Circuit remanded this case for the limited purpose of determining whether the three documents produced after Magistrate Boland's sanction order were fabricated and, if so, whether such fabrication was intentional. If, on remand, I find that the documents were intentionally fabricated, the Tenth Circuit requests that I "calculate a reasonable award of attorney's fees for the appeal." The Tenth Circuit also retained jurisdiction "to make the ultimate determination as to whether and what fees to award under Fed. R. App. P. 38." *Id.*

## II. LAW

In the motions at issue here, Plaintiff requests that I recuse myself from presiding over this case pursuant to 28 U.S.C. § 455. Subsection (a) provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). As a general rule, recusal is required when "a reasonable person armed with the relevant facts would harbor doubts about the judge's impartiality." *Maez v. Mountain States Telephone & Telegraph, Inc*., 54 F.3d 1488, 1508 (10th Cir.1995); *see also U.S. v. Pearson*, 203 F.3d 1243, 1264 (10th Cir.), *cert. denied*, 120 S.Ct. 2734 (2000)(ruling that a judge should recuse himself from a case when his or her

participation in the case creates an appearance of impropriety). The standard under 28 U.S.C. § 455(a) is an objective one, requiring recusal only "if a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *U.S. v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)(citations omitted). The inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question, and is limited to outward manifestations and reasonable inferences drawn therefrom. *Id.*

28 U.S.C. § 455(b)(1) provides that I must disqualify myself when I have "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." To warrant recusal under 28 U.S.C. §455(b)(1), the alleged bias must be personal and extrajudicial. *U.S. v. Irwin*, 561 F.2d 198, 200 (10th Cir. 1977)("[t]he bias charged must be of a personal nature and must be such as would likely result in a decision on some basis other than what the judge learned from his participation in the case."). Disqualification under 28 U.S.C. § 455(b)(1) is "required only if actual bias or prejudice is proved by compelling evidence." *Brokaw v. Mercer County*, 235 F.3d 1000, 1025 (7th Cir. 2000)(*quoting Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996)).

28 U.S.C. § 144, which also addresses the personal bias or prejudice of a judge, provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

An affidavit filed pursuant to 28 U.S.C. § 144 must aver "with required particularity the identifying facts of time, place, persons, occasion, and circumstances," *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987), and "is insufficient if it merely states conclusions, rumors, beliefs and opinions." *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). While the facts alleged in the affidavit must be accepted as true, they are "strictly construed against the affiant and there is a substantial burden on the moving party to demonstrate that the judge is not impartial," not a burden on the judge to prove that he or she is impartial. *U.S. v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992). The decision to recuse is committed to the sound discretion of the district court. *Id.*

### III. ANALYSIS

Plaintiff asserts that I am not impartial and, as such, I should recuse myself from this case. In support of this assertion, Plaintiff argues that my determinations on remand "will be determined in large part based upon the evaluation of Plaintiff's credibility" and that I have previously "found that she has committed abusive litigation practices and fraud and [that she] totally lacks credibility." She argues that because I presided over and made decisions in the underlying case, "there can be no doubt that [I] have prior personal knowledge of disputed evidentiary facts." Moreover, "[i]n light of the history of the underlying case (including [my] scathing indictments of Plaintiff's actions, honesty and credibility), there can be no doubt that

5

the average reasonable person would have doubts about [my] impartiality if permitted to continue to be involved in any way in this case."

Plaintiff further asserts that I have demonstrated my bias in favor of Berkshire when I noted, in my order denying Plaintiff's motion for a new trial, that "Berkshire has a strong argument in support of its claims that the new authorizations ... are fabrications." Plaintiff contends that this statement amply demonstrates my predisposition of bias against her. Plaintiff also asserts that I "overlooked" evidence in her favor when making a ruling on summary judgment and that my ruling "demonstrated a preference for the Defendants and a bias toward the Plaintiff by rejecting undeniable evidence that amply shows <u>there are disputed</u> facts regarding proof of loss" (emphasis in original). As a result, she contends that I have prior personal knowledge of disputed evidentiary facts and, in addition, that my impartially might reasonably be questioned.

<u>28 U.S.C. § 455(b)(1) & 28 U.S.C. § 144</u>

First, to the extent Plaintiff asserts that I should recuse myself pursuant to 28 U.S.C. § 455(b)(1), she has failed to assert facts of bias or prejudice which are personal or are established by matters outside and apart from litigation. *See U.S. v. Davidson,* 482 F.Supp. 827, 829 (D.C. Okl. 1979). Plaintiff's primary argument is that I am biased against her as evidenced by my prior finding and rulings against her in the underlying case. To the extent that she argues that these determinations were made in error, I note that such arguments go to the merits and, as such, are for the appellate court. *See Liteky v. U.S.*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed2d 474 (1994)(adverse rulings do not, in and of themselves, support recusal but are rather grounds for appeal). Furthermore, opinions held by judges as a result of what they learned in

6

earlier proceedings is not subject to characterization as "bias" or "prejudice." *Id.* at 551. "It has long been regarded as normal and proper for a judge to sit in the same case upon its remand, and to sit in successive trials involving the same [party]." *Id.*

In addition, I agree with Berkshire that Plaintiff's affidavit filed in support of her motion seeking recusal is insufficient under the requirements of 28 U.S.C. § 144. Berkshire first argues that the affidavit is untimely in that a party seeking disqualification of a judge must do so at the earliest moment after gaining knowledge of the facts forming the basis for such disqualification. *See In re Bokum Resources Corp.* 26 B.R. 615, 621 (D.C.N.M. 1982). Because the facts which formed the basis of Plaintiff's motion to disqualify were known to Plaintiff prior to time of the remand from the Tenth Circuit on June 10, 2009, Berkshire argues that her first motion seeking recusal filed eight months later was not timely. I agree. *See U.S. v. Pearson, supra,* 203 F.3d at 1276 (ruling that Tenth Circuit "precedent requires a party to act promptly once it knows of the facts on which it relies in its motion")(*citing Willner v. University of Kansas*, 848 F.2d 1023, 1028-29 (10th Cir.1988).

More importantly, as discussed above, the factual allegations in the affidavit relate only to activities taken in a judicial capacity as a result of knowledge gained in the course of this proceeding and are void of allegations of personal prejudice or bias. *See U.S. v. Sykes,* 7 F.3d 1331, 1339 (7th Cir. 1993)(the affidavit must show that the bias is personal rather than judicial, and that it stems from an extrajudicial source – some source other than what the judge has learned through participation in the case)(citations omitted). As a result, Plaintiff's allegations are legally insufficient to establish grounds for disqualification under 28 U.S.C. § 455(b) and 28 U.S.C. § 144.

<u>28 U.S.C. § 455(a)</u>

As to Plaintiff's assertion that I should recuse myself for the appearance of impropriety or partiality under 28 U.S.C. § 455(a), I conclude that a reasonable person, knowing all of the relevant facts, would not harbor doubts about my impartiality in this case. First, I again note that Plaintiff's evidence that I am biased against her or in favor of Berkshire relates entirely of my judicial actions in this matter. Most significantly, Plaintiff maintains that an appearance of impartiality is manifest in my order denying her motion for new trial, dated , in which I "note[d] – without deciding – that Berkshire has a strong argument in support of its claim that the new authorizations and the March 2005 IME are fabrications . . .". [**Docs # 305, 343 & 351**]

This notation cannot support a claim of bias; it was in no way a consideration in my decision, but rather was a comment about an allegation before me that I neither needed to address, nor made any decision thereon. The fact that I specifically did not determine the issue or consider the possibility that the documents were fabricated in my ruling is clear, and although I indicated that Berkshire's position or argument on the matter was "strong," such characterization was made only on the state of the record at the time and in no way indicates or telescopes bias related to my determination of the limited matter now directly before me on remand.

In addition, to the extent that Plaintiff asserts that my bias is shown by my "rubberstamp" of Magistrate Boland's Recommendation to dismiss her case for discovery sanctions, I disagree that my acceptance of his Recommendation reveals any appearance of bias or impartiality. First, I correctly applied a *de novo* review of the Magistrate's Recommendation, and concluded that his analysis was legally correct and fully supported by the record. This ruling was affirmed by

the Tenth Circuit – after the matter was fully briefed and orally argued by counsel – on appeal. Moreover, as separate and independent basis for dismissal, I ruled that Plaintiff's case was dismissed after I granted Berkshire's motion for summary judgment in a ten page order on the merits. Finally, as argued by Berkshire, I have made a significant number of rulings in favor of Plaintiff – including denying Berkshire's request for additional costs and attorney fees and in granting Plaintiff's request to act *pro se* over Berkshire's objection – that undermine Plaintiff's claim that I am biased against her. I conclude that under the circumstances here, a reasonable person could not objectively question my impartiality in order to disqualify me to preside over this case pursuant to 28 U.S.C. § 455(a). *See U.S. v. Cooley, supra,* 1 F.3d at 993 (Section 455(a) "must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice" and it "is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice").

As a result, I conclude that Plaintiff's request that I disqualify and recuse myself from this case must be denied in that her allegations are legally insufficient under either 28 U.S.C. 445(b)(1) & 28 U.S.C. § 144, or pursuant to 28 U.S.C. § 455(a). As a final matter, in light of my ruling here, I also deny Plaintiff's request for a attorney fees award.

ACCORDINGLY, to the extent that Plaintiff, Tina Garcia, seeks my recusal in this matter and that a new judge be assigned to this case, I DENY her request as it pertains to me in: (1) Plaintiff's Motion for the Recusal or Disqualification of Judge Babcock and Magistrate Judge

Boland [**Doc # 431**]and (2) Plaintiff's Motion to Disqualify Magistrate Boland and Judge Babcock And/Or Motion for Substitution [**Doc # 444**]. Note that the motions remain pending to the extent that Plaintiff seeks Magistrate Judge Boland's recusal.

Dated: April   21  , 2010, in Denver, Colorado.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE
