IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned subsidiary of the Guardian Life Insurance Company of America, and
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign insurance company,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1)     **Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction, Under Rules 60(b)(4) and 12(h)(3); Fees, Costs and Expenses Under § 1447(c), Remand to State Court, and In the Alternative an Evidentiary Hearing** [Doc. # 448, filed 4/9/2010] (the "Motion to Dismiss"); and

(2)     **Motion for Relief from a Void Judgment Under 12(b)(1) and Supplemental Motion to Remand Back to State Court** [Doc. # 454, filed 6/8/2010] (the "Motion for Relief").

The motions are redundant. Each seeks relief alleging that this case was wrongfully removed from the state court and that this court lacks subject matter jurisdiction. The Motion for Relief admits the redundancy, stating that "[t]he additional factual basis for this Motion supplements the verified facts filed in support of plaintiff's Motion to Dismiss. . . ." Motion for

Relief [Doc. # 454] at p. 1.

I find that the plaintiff is engaged in a pattern of abusive litigation conduct. Specifically, the Motion to Dismiss is 35 pages in length and is supported by 136 pages of exhibits. The redundant Motion for Relief is 10 pages in length and is supported by 22 pages of exhibits. Multiple motions addressed to the same issues waste judicial resources and impose an undue burden on the opposing party. In addition, the issues raised in these motions do not require 45 pages of briefing and more than 150 pages of exhibits.

This is not the first time the plaintiff has engaged in redundant filings. In connection with her attempts to disqualify the district judge and me, the plaintiff first filed Plaintiff's Motion for Recusal of Disqualification [Doc. # 431, filed 2/12/2010]. Subsequently, the plaintiff filed a redundant Motion to Disqualify [Doc. # 444].

Rule 12(f), Fed. R. Civ. P., empowers a court to strike redundant matters.

I am striking the Motion to Dismiss and the Motion for Relief, without prejudice to allow the plaintiff to file a renewed motion addressing the matters raised therein. Any renewed motion must be a single motion; must request all of the relief the plaintiff seeks in connection with dismissal, remand, and the jurisdiction of this court; and must not exceed 20 pages plus any exhibits reasonably necessary to support the renewed motion. The plaintiff is cautioned that she must cease filing multiple and redundant motions raising the same issues and seeking the same relief.

IT IS ORDERED that the Motion to Dismiss [Doc. # 448] and the Motion for Relief [Doc. # 454] are STRICKEN without prejudice.

IT IS FURTHER ORDERED that any renewed motion must be a single motion; must request all of the relief the plaintiff seeks in connection with dismissal, remand, and the jurisdiction of this court; and must not exceed 20 pages plus any exhibits reasonably necessary to support the renewed motion.

IT IS FURTHER ORDERED that the plaintiff shall cease redundant filings. Failure to comply with this requirement may result in the imposition of sanctions against the plaintiff.

Dated June 10, 2010.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge