IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned subsidiary of the Guardian Life Insurance Company of America, and
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign insurance company,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Plaintiff's Status Report** [Doc. # 496, filed 12/3/2010]. The Status Report challenges the court's subject matter jurisdiction; I construe it as a motion to dismiss for lack of subject matter jurisdiction; and I will refer to it here as the "Motion." I respectfully RECOMMEND that the Motion [Doc. # 496] be DENIED.

**I.  The Plaintiff's Pro Se Status**

The plaintiff has been awarded a law degree, but I am not informed that she has ever been licensed to practice law. She is not a member of the bar of this court. Consequently, I will treat the plaintiff as a pro se litigant, and I will liberally construe her filings. Yang v. Archuleta, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## II. The Motion Is Asserted for the Improper Purpose of Delay

Defendants, in their Response [Doc. # 498], assert that the Motion "appears to be a last-minute effort to avoid the upcoming evidentiary hearing, set for December 20." I agree. The plaintiff has had months, if not years, to challenge the court's jurisdiction. Although she previously filed two motions arguing that the court lacks jurisdiction, one in April 2010 (see Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction [etc.] [Doc. # 448, filed 4/9/2010]), and a second in June 2010 (see Motion for Relief From a Void Judgment Under 12(b)(1) and Supplemental Motion to Remand Back to State Court [Doc. # 454, filed 6/8/2010]), those motions were stricken as redundant. Order [Doc. # 456, filed 6/10/2010]. The order striking the previous jurisdictional challenges was entered without prejudice, however, and stated:

> I am striking the Motion to Dismiss and the Motion for Relief without prejudice to allow the plaintiff to file a renewed motion addressing the matters raised therein. Any renewed motion must be a single motion; must request all of the relief the plaintiff seeks in connection with dismissal, remand, and the jurisdiction of this court; and must not exceed 20 pages plus any exhibits reasonably necessary to support the renewed motion. The plaintiff is cautioned that she must cease filing multiple and redundant motions raising the same issues and seeking the same relief.

Id. at p. 2.

The plaintiff waited nearly six months, until December 3, 2010, to renew her jurisdictional challenge. The timing of the instant Motion, filed less than three weeks prior to the evidentiary hearing set for December 20, 2010,[1] causes me to conclude that the Motion is

---

[1]Under the normal briefing schedule established by our local rules of practice, the Motion would not even be at issue prior to the evidentiary hearing. See D.C.COLO.LCivR 7.1C. The defendants accelerated the filing of their response to avoid the delay the plaintiff's last minute

filed for the improper purpose of delaying that hearing and is not a legitimate challenge to the court's jurisdiction.  My conclusion that the Motion is filed for the improper purpose of delay is further supported by the misleading caption used by the plaintiff--terming the filing a "status report" rather than a "motion."  The plaintiff's improper motive is further evidenced by her conduct in a related case--<u>Garcia v. Berkshire Life Ins. Co. of America</u>,10-cv-00912-REB-MEH (D. Colo.)--where she filed a similar motion on May 17, 2010, challenging the court's jurisdiction.  Plaintiff's Motion for Remand [Doc. # 14 in Case No. 10-cv-00912 (D. Colo.)].  The jurisdictional challenge in the related case was denied, the court there finding that complete diversity of citizenship exists.  <u>Garcia v. Berkshire Life Ins. Co. of America</u>, 2010 WL 2691692 (D. Colo. July 6, 2010)

I find that the plaintiff filed the Motion for the improper purpose of delay.

### III.  The Jurisdictional Challenge

The Motion is convoluted and difficult to understand.  Nonetheless, the plaintiff appears to challenge the subject matter jurisdiction of the court on two bases.  First, the plaintiff alleges the existence of a "recently discovered ERISA Plan," arguing that she is both "an insurer as well as an insured," destroying diversity jurisdiction.  Motion [Doc. # 496] at p. 4.  Second, the plaintiff attempts to invoke the direct action exception to diversity jurisdiction contained in 28 U.S.C. § 1332(C)(1).  Both challenges lack merit.

### A.  The Procedural Setting of the Case

The plaintiff initiated this action in June 2004 by filing a Complaint in the District Court for Boulder County, Colorado.  Service was effected on July 7 and 15, 2004.  The defendants

---

Motion appears to attempt to effect.

3

removed the case to this court by filing a Notice of Removal on August 5, 2004.

The plaintiff was represented by counsel at the time the suit was commenced and removed. The initial Complaint alleges that "[o]n or about November 12, 1991, the Plaintiff, Tina Garcia, purchased from Berkshire a policy of disability insurance to insure against loss of income in the event the Plaintiff were to become disabled" and that the "Plaintiff faithfully paid premiums to Berkshire. . . ." Notice of Removal [Doc. # 1], at Exh. A, ¶¶8-9.

The defendants asserted in the Notice of Removal that federal jurisdiction existed pursuant to 28 U.S.C. §1332(a)(1) based on complete diversity of citizenship, stating:

> 3. At the time of commencement of this action and at all intervening times, there existed complete diversity of citizenship between the proper parties to this action on the following grounds:
>
>   a. Berkshire Life Insurance Company of America is a life insurance company incorporated in the Commonwealth of Massachusetts with its principal place of business located at 700 South Street, Pittsfield, Massachusetts, and is a wholly owned subsidiary of Guardian Life Insurance Company of America;
>
>   b. Guardian Life Insurance Company of America is a mutual life insurance company incorporated in the State of New York with its principal place of business located at 7 Hanover Square, New York, New York;
>
>   c. Plaintiff is a resident of the State of Colorado. *See* Compl. ¶ 1, attached hereto as Ex. A.
>
> 4. If successful, Plaintiff's claims against Guardian would exceed $75,000. The Complaint fails to specify the amount of compensatory and other damages claimed. However, the Complaint demands disability benefits, exemplary damages, treble damages under the Colorado Consumer Protection Act, statutory interest and attorney's fees. Ex. B, at Prayer for Relief. If Plaintiff were to prevail on her claim for past benefits alone, that figure totals approximately $66,360.00, before interest--the Policy provides a monthly indemnity in the amount of $5,530, the complaint seeks disability benefits from August, 2003 through the

> present and thus the amount of policy benefits currently at issue is
> $66,360. A factor of one-times-compensatory-damages to
> calculate exemplary damages would double that amount, to over
> $130,000. Further, any damages and/or treble damages awarded fo
> the Plaintiff's CCPA claim would be separate and distinct from the
> alleged unpaid benefits claim. This, of course, does not include
> any figures for attorney's fees. Thus, these claims, combined,
> would exceed the jurisdictional amount. *See, e.g., Miera v.
> Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998) (the trial
> court may include amounts claimed for punitive damages and
> attorney's fees to determine whether the jurisdictional amount is
> met for diversity jurisdiction).

Notice of Removal [Doc. # 1] at ¶¶3-4.

By an Order entered on December 27, 2007, the district judge granted the defendants' motion for summary judgment and, in addition, adopted my recommendation that the case be dismissed based on the plaintiff's abusive litigation practices. Order [Doc. # 305]. Judgment was entered in favor of the defendants and against the plaintiff on January 3, 2008. Judgment [Doc. # 306].

The Tenth Circuit Court of Appeals affirmed the judgment insofar as it dismissed the plaintiff's claims as a sanction, without reaching the merits of the case. Garcia v. Berkshire Life Ins. Co. of America, 569 F.3d 1174 (10th Cir. 2009). In addition, the circuit court remanded the case with the following instruction:

> We . . . remand this case to district court for the limited purpose of
> determining whether . . . three [specified] documents were
> fabricated and if so, whether the fabrication was intentional. If the
> district court answers both questions in the affirmative, we request
> that the district court calculate a reasonable award of attorney's
> fees for the appeal.

Id. at 1183.

The issues on remand have been referred to me for recommendation. Supplemental

Order of Reference [Doc. # 421, filed 2/2/2010]. I have set a one day evidentiary hearing on the issues of "(1) whether the plaintiff fabricated documents submitted to the Tenth Circuit Court of Appeals on appeal; (2) whether the fabrication was intentional; and, if both questions are answered affirmatively, (3) the calculation of a reasonable award of attorney's fees for the appeal . . . (the 'Hearing on Remand')". Order [Doc. # 466, filed 7/21/2010]. The Hearing on Remand will occur on December 20, 2010. Minute Order [Doc. # 483, filed 9/10/2010].

### B. This Court Has Subject Matter Jurisdiction Based On the Complete Diversity of the Parties

The sole issue now before me is the subject matter jurisdiction of this court. The defendants assert that jurisdiction exists based on complete diversity of citizenship under 28 U.S.C. §1332(a)(1).

Section 1332, 28 U.S.C., provides in relevant part:

> **(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> **(1)** citizens of different States. . . .
> \* \* \*
> **(c)** For the purposes of this section and section 1441 of this title--
>
> **(1)** a corporation shall be deemed to be a citizen of any State by which is has been incorporated and the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State in which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business. . . .

The plaintiff does not challenge that the jurisdictional amount in controversy has been satisfied. In any event, the Notice of Removal properly establishes that the damages claimed by

the plaintiff--past benefits at the time of removal ($66,360); plus exemplary damages of one-times-compensatory-damages; plus treble damages under the Colorado Consumer Protection Act; plus awardable attorney fees--combine to exceed the jurisdictional amount.  See Notice of Removal [Doc. # 1] at p. 3, citing Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998)(holding that the trial court may include amounts claimed for punitive damages and attorney fees to determine whether the jurisdictional amount in controversy is satisfied).

It is not disputed that the plaintiff is a citizen of the State of Colorado.  Notice of Removal [Doc. # 1] at Exh. A (Complaint), ¶ 1.  Nor does the plaintiff dispute that defendant Berkshire Life Insurance Company ("Berkshire") is a corporation organized under the laws of the State of Massachusetts with a principal place of business in Massachusetts, and that defendant Guardian Life Insurance Company of America ("Guardian") is a mutual life insurance company incorporated in the State of New York with a principal place of business in New York.  Notice of Removal [Doc. # 1] at ¶3.

## C.  The Direct Action Exception of § 1332(c)(1) Does Not Apply

Section 1332(c)(1), 28 U.S.C., provides that in a direct action against an insurance company brought on a liability insurance policy to which the insured is not joined as a defendant "the insurer shall be deemed a citizen of the State in which the insured is a citizen," as well as a citizen of the insurance company's state of incorporation and principal place of business. However, as the court explained in the related action, where the plaintiff made a similar argument:

> The overwhelming weight of authority, including several cases
> from this District Court and the Tenth Circuit, hold that actions by
> an insured against his or her own insurer are not direct actions

> within the meaning of § 1332(c)(1). Section 1332(c)(1) applies to lawsuits seeking to impose liability against the insurer for the negligence of any party insured by the insurer. The direct action exception does not apply to a suit in which the insured is suing his or her own insurer for withholding benefits.

Garcia v. Berkshire Life Ins. Co. of America, 2010 WL 2691692 *2 (D. Colo. July 6, 2010)(internal quotations and citations omitted).

In this case, the plaintiff is suing her own insurance company for withholding disability insurance benefits. Consequently, this is not a direct action subject to the exception to diversity jurisdiction set out in 28 U.S.C. § 1332(c)(1).

### D. The Alleged ERISA Plan Does Not Preclude This Court's Subject Matter Jurisdiction

In a rambling and convoluted argument, the plaintiff relies on an alleged "recently discovered ERISA Plan," a repealed Colorado state statute concerning Colorado mutual insurance companies (section 10-12-201 et seq., C.R.S. (repealed 7/1/2010)), and a Colorado case addressing the propriety of an assessment levied against members and policyholders of a Colorado mutual insurance company (Aronoff v. Pioneer Mutual Compensation Co., 304 P.2d 1083 (Colo. 1956)) to argue that she is both "insurer as well as insured" and that "[c]omplete diversity of citizenship between the parties to this direct action is destroyed under Colorado law covering mutual insurance plan agreements." Motion [Doc. # 496] at p. 4 (emphasis and internal footnote omitted).

First, this is not a direct action within the contemplation of 28 U.S.C. § 1332(c)(1).

Second, there is no allegation that either defendant is or ever was a Colorado mutual insurance company subject to the provisions of sections 10-12-201 et seq., C.R.S.  To the contrary, the record reflects that Berkshire is a Massachusetts corporation, Notice of Removal [Doc. # 1] at ¶3(a), and that Guardian is a "mutual life insurance company incorporated in the State of New York." Id. at ¶3(b).  The plaintiff has failed to explain the applicability of the repealed Colorado statute, and none is apparent to me.

Third, Aronoff v. Pioneer Mutual Compensation Co., 304 P.2d 1083 (Colo. 1956), is distinguishable.  That case involved the propriety of an assessment levied against the members and policyholders of a Colorado mutual insurance company by a receiver appointed to manage the company's affairs.  It does not address the issue of citizenship for purposes of diversity jurisdiction.

Finally, the plaintiff has failed to present evidence of the existence of an insurance policy governed by ERISA.  Although she has attached a number of documents to the Motion, none supports her assertion that the disability insurance policy at issue here is governed by ERISA.

Significantly, the plaintiff and her prior counsel have disavowed the applicability of ERISA.  For example, the following exchange occurred during a hearing on December 2, 2005:

> THE COURT:  Okay.  So what--I haven't looked at this.  This is an ERISA case?
>
> MR. GOLD [plaintiff's counsel]:  It is not, Your Honor.  It's an individual policy.

Transcript of Proceedings, December 2, 2005 [Doc. # 448-22] at p. 6 lines 15-18.

9

In addition, in Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction [etc.] [Doc. # 448], which was subsequently stricken, the plaintiff presented an extended argument[2] that ERISA does not apply here, and that the defendants misled the court into believing that this is an ERISA case. Id. at pp. 11-17. The plaintiff concluded:

> Plaintiff's policy is not governed under the federal ERISA standard; thus, there is no federal question to support this Court's subject matter jurisdiction.

Id. at p. 16.

This flip-flop by the plaintiff, first disclaiming the applicability of ERISA and now arguing that it controls, is another example of her proclivity to change positions on a whim. The circuit court previously noted:

> In her appellate briefs, Ms. Garcia contended that the district court erred in concluding that she was "clearly and convincingly" culpable as to the claimed fabrications. Accordingly, this court devoted significant time prior to oral argument to an examination of the factual record. At oral argument, however, Ms. Garcia's counsel abruptly abandoned any attempt to contest the factual findings regarding culpability, indicating that Ms. Garcia was "not going to challenge the trial court's findings that those documents were fabricated." While we appreciate counsel's candor during oral argument, we regard this switch in position as unfortunately typical of Ms. Garcia's behavior throughout this case. Ms. Garcia seems inclined to raise factual smoke screens only to assert, after the facts are revealed, that the truth of the matter is irrelevant.

---

[2]The plaintiff captioned her argument:

> II. NO FEDERAL QUESTION OR DIVERSITY JURISDICTION
>
> A. BERKSHIRE FAILED TO MEET ITS BURDEN OF PROOF OF SUBJECT MATTER JURISDICTION--ERISA SHAM.

Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction [etc.] [Doc. # 448] at p. 11.

Garcia, 569 F.3d at 1179-80 (internal citation omitted).

As the defendants point out, however, the plaintiff's ERISA argument, even if valid, would only reinforce the jurisdiction of this court, not divest it:

> More important, even if Plaintiff could connect the *disability* policy to a *valid* ERISA plan, this would only reinforce the propriety of this Court's jurisdiction. Under 28 U.S.C. § 1441(b), the district court has original jurisdiction of claims founded on a law of the United States. ERISA is a federal law, found at 29 U.S.C. § 1001 *et seq.*, making federal court jurisdiction appropriate under this general jurisdiction statute. ERISA itself expressly provides the district courts of the United States shall have *exclusive* jurisdiction of civil actions brought by a participant, beneficiary, or fiduciary. 29 U.S.C. § 1132(e). Thus, Plaintiff's allegations do not defeat federal court jurisdiction; they strengthen it.

Response [Doc. # 498] at p. 3.

### IV.  Conclusion and Recommendation

This court has subject matter jurisdiction over this matter based on diversity of citizenship under 28 U.S.C. § 1332(a)(1).

I respectfully RECOMMEND that the Motion [Doc. # 496] be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for

appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated December 13, 2010.

                                      BY THE COURT:

                                      /s/ Boyd N. Boland
                                      United States Magistrate Judge