IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 04-cv-01619-LTB-BNB

TINA GARCIA,

Plaintiff,

v.

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, a wholly owned subsidiary of the Guardian Life Insurance Company of America, and
THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, a foreign insurance company,

Defendants.

_____

**ORDER**
_____

This matter arises on the following:

(1) **Defendants' Motion Regarding Proposed Sanction** [Doc. # 472, filed 8/13/2010] (the "First Motion for Sanctions");

(2) **Defendants' Motion for Sanctions Due to Spoliation of Evidence and Non-Disclosure Under Fed. R. Civ. P. 26(a)(2)** [Doc. # 474, filed 8/20/2010] (the "Second Motion for Sanctions"); and

(3) **Defendants' Motion to Extend Deadline for Service of Rebuttal Rule 26(a)(2) Disclosure** [Doc. # 484, filed 9/10/2010] (the "Motion for Extension").

The plaintiff's claims in this action were dismissed on the merits when the defendants' Motion for Summary Judgment [Doc. # 119] was granted by an order of the district judge entered on December 27, 2007. Order [Doc. # 305]. In the same Order, the district judge

adopted my recommendation that the plaintiff's claims be dismissed as a sanction for litigation abuse. Id. The Tenth Circuit Court of Appeals affirmed the dismissal as a sanction for abusive litigation practices. Garcia v. Berkshire Life Ins. Co. of America, 569 F.3d 1174 (10th cir. 2009). The circuit court remanded the matter for a determination of whether Ms. Garcia had fabricated additional documents presented on appeal; whether the fabrication was intentional; and, if so, to calculate a reasonable award of attorneys fees for the appeal.

I have found that following remand, Ms. Garcia embarked on a pattern of litigation abuse which greatly expanded and multiplied these proceedings. Recommendation [Doc. # 514, filed 1/18/2011] at pp. 25-26. The pending motions arise from and are remnants of that abuse. However, on January 18, 2011, I entered a Recommendation finding that Ms. Garcia did intentionally fabricate the documents identified by the circuit court on remand and making findings concerning a reasonable award of attorneys fees. That Recommendation renders moot each of the pending motions.

IT IS ORDERED that the First Motion for Sanctions [Doc. # 472], the Second Motion for Sanctions [Doc. # 474], and the Motion for Extension [Doc. # 484] are DENIED as moot.

Dated January 20, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge